UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MANZOOR MUMIN and VICTOR MALLH, individually and on behalf of all others similarly situated,

                      Plaintiffs,

                -against-

UBER TECHNOLOGIES, INC. and RASIER, LLC,

                    Defendants.

Case No: 1:15-cv-06143 (NGG) (VMS)

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS PLAINTIFF MALLH'S CLAIMS, AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

---

By:    David M. Wirtz
         Andrew M. Spurchise
         Kevin R. Vozzo
         LITTLER MENDELSON, P.C.
         900 Third Avenue
         New York, New York 10022
         Tel: 212.583.9600

         *Attorneys for Defendants*
         Uber Technologies, Inc. and Rasier, LLC

Served: May 2, 2016

## TABLE OF CONTENTS

**PAGE**

I.    PRELIMINARY STATEMENT ............................................................................. 1

II.   PLAINTIFF MUST BE COMPELLED TO ARBITRATION ....................................... 2

    A.    Plaintiff is bound by the December 2015 Agreement............................................ 2

    B.    The Court must enforce the Delegation Clause .................................................... 2

        1.    The Arbitration Provision should be examined standing alone ................ 2

        2.    The Delegation Clause does not conflict with any provisions of the December 2015 Agreement ...................................................................... 4

    C.    The Delegation Clause is not unconscionable ...................................................... 5

        1.    New York law applies to the question of unconscionability ................... 5

        2.    The Delegation Clause is not unconscionable .......................................... 6

            a.    The Delegation Clause is procedurally conscionable ................... 7

            b.    The Delegation Clause is substantively conscionable ................. 9

    D.    Plaintiff's ancillary attacks also fail................................................................... 10

III.  CONCLUSION ................................................................................................... 10

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Ajamian v. Cantor CO2e, L.P.*,
    203 Cal. App. 4th 771 (2012) ...................................................................................3

*Alvarez v. T-Mobile USA, Inc.*,
    No. Civ. 2:10-2373, 2011 U.S. Dist. LEXIS 146757 (E.D. Cal. Dec. 21, 2011) ....................8

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
    24 Cal. 4th 83 (2000) ...............................................................................................9

*Baltazar v. Forever 21, Inc.*
    62 Cal.4th 1237, 2016 WL 1176599...................................................................10

*Bar-Ayal v. Time Warner Cable Inc.*,
    No. 03 Civ. 9905, 2006 U.S. Dist. LEXIS 75972 (S.D.N.Y. Oct. 16, 2006) ..........................7

*Buckeye Check Cashing, Inc. v. Cardegna*,
    546 U.S. 440 (2005)...............................................................................................3, 4

*Dream Theater, Inc. v. Dream Theater*,
    124 Cal. App. 4th 547 (2004) .................................................................................3

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991)..................................................................................................6

*Green Tree Fin. Corp.-Alabama v. Randolph*,
    531 U.S. 79 (2000)..................................................................................................9

*Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*,
    230 F.3d 549 (2d Cir. 2000)....................................................................................5

*Hill v. Anheuser-Busch InBev Worldwide, Inc.*,
    2014 U.S. Dist. LEXIS 168947 (C.D. Cal. Nov. 26, 2014).....................................3

*Hopkins v. BCI Coca-Cola Bottling Co., of Los Angeles*,
    — F. App'x —, 2016 U.S. App. LEXIS 2974 (9th Cir. Feb. 19, 2016).................10

*Kairy v. Supershuttle International, Inc.*,
    2012 U.S. Dist. LEXIS 134945 (N.D. Cal. 2012) ..................................................8

*Kilgore v. Keybank*,
    718 F.3d F.3d 1052 (9th Cir. 2013) .....................................................................7, 8

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Lawrence R. Buchalter Alaska Trust v. Philadelphia Fin. Life Assur. Co.*,
  96 F Supp. 3d 182, 207 (S.D.N.Y. 2015)...................................................................5

*Lazard Freres & Co. v. Protective Life Ins. Co.*,
  108 F.3d 1531 (2d Cir. 1997)..........................................................................6

*Mohamed v. Uber Technologies, Inc.*,
  109 F. Supp. 3d 1185 (N.D. Cal. 2015) ...................................................... passim

*Moses H. Cone Mem'l Hosp.*,
  460 U.S. 1 at 24-25 (1983).............................................................................6

*Nayal v. HIP Network Servs. IPA, Inc.*,
  620 F. Supp. 2d 566 (S.D.N.Y. 2009)...........................................................7

*Nitro-Lift Technologies, L.L.C. v. Howard*,
  133 S. Ct. 500 (2012).............................................................................6, 10

*O'Connor v. Uber Techs., Inc.*,
  311 F.R.D. 547 (N.D. Cal. December 9, 2015) .................................................8

*O'Connor v. Uber Techs., Inc.*,
  58 F. Supp. 3d 989, 1006 (N.D. Cal. 2014) ......................................................8

*Ragone v. Atlantic Video at Manhattan Center*,
  595 F.3d 115 (2d Cir. 2010)...........................................................................6, 7

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010).................................................................................2, 3, 4

*Sakkab v. Luxottica Retail North America, Inc.*,
  803 F.3d 425 (9th Cir. 2015) ...........................................................................10

*Sanchez v. Valencia Holding Co., LLC*,
  61 Cal. 4th 899 (Cal. Aug. 6, 2015) .................................................................8

*Sena v. Uber Techs. Inc.*,
  No. CV-15-02418-PHX-DLR, 2016 U.S. Dist. LEXIS 47141 (D. Ariz. Apr. 7, 2016) ............
  ......................................................................................................1, 2, 4

*Teah v. Macy's, Inc.*,
  No. 11-CV-1356 (CBA) (MDG), 2011 U.S. Dist. LEXIS 149274 (E.D.N.Y. Dec. 29,
  2011) .............................................................................................................7

# TABLE OF AUTHORITIES

(CONTINUED)

PAGE

*Torres v. United Healthcare Servs.*,
   920 F. Supp. 2d 368 (E.D.N.Y. 2013) ..................................................................................9

*Valle v. ATM National, LLC*,
   No. 14-cv-7993 (KBF), 2015 U.S. Dist. LEXIS 11788 (S.D.N.Y. Jan. 30, 2015)...................7

*Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989)........................................................................................................10

*West v. Henderson*,
   227 Cal. App. 3d 1578 (1991) ...........................................................................................8

## OTHER AUTHORITIES

*Federal Arbitration Act*

   § 2.................................................................................................................................4

I.      **PRELIMINARY STATEMENT**

Plaintiff's Opposition is premised upon inapplicable state law (California), irrelevant public policy considerations (California), and an incorrect version of the Arbitration Provision. The operative Arbitration Provision here is the one contained in the December 2015 Technology Services Agreement.   As a result, Plaintiff heavily relies on purported ambiguities and contractual provisions that do not exist.   Accordingly, Plaintiff has wholly failed to meet his burden of establishing unconscionability and the Arbitration Provision must be enforced.

First, Supreme Court precedent requires this Court to analyze the Arbitration Provision as a stand-alone agreement, without reference to the larger agreement within which it is contained. When read by itself – as it must be – the Provision clearly and unmistakably requires this Court to dismiss Plaintiff's claims and allow an arbitrator to decide gateway issues of arbitrability.  *See Sena v. Uber Techs. Inc.*, No. CV-15-02418-PHX-DLR, 2016 U.S. Dist. LEXIS 47141, at *2-3 (D. Ariz. Apr. 7, 2016) (enforcing delegation clause of similar arbitration provision).

If the Court reaches the issue of enforceability of the Arbitration Provision in the December 2015 Agreement, Plaintiff's arguments that the Arbitration Provision is unconscionable must be rejected.  His agreement to arbitrate was *completely voluntary* and thus must be enforced, just as any other contract would be.  Plaintiff's argument as to substantive unconscionability also fails: (i) the fee-splitting provision requires that Plaintiff will incur, *at most*, the same fees and expenses he would in court (§ 15.3(vi)); (ii) the intellectual property carve-out is mutual; (iii) the "unilateral modification provision" is outside the Arbitration Provision and is expressly bilateral; (iv) there is no confidentiality provision; and (v) the California-specific PAGA waiver is wholly irrelevant and, in any event, *expressly* severable.

For all these reasons, this Court should dismiss Plaintiff's claims, strike his class allegations, and order him to individual arbitration.

1

## II.     PLAINTIFF MUST BE COMPELLED TO ARBITRATION

### A.     Plaintiff is bound by the December 2015 Agreement

Plaintiff contends (in a footnote and without *any* evidentiary support) that he "opted out of the December 11, 2015 Agreement on April 20, 2016" (Opp. p. 1, n. 1).  However, Plaintiff concedes he accepted the December 2015 Agreement on December 14, 2015 (Colman Decl. at ¶ 12, Exh. G), and was thus obligated to exercise his right to opt-out no later than *January 13, 2016*.  (*Id*. at Exh. D at § 15.3(viii).)  Accordingly, by Plaintiff's own admissions, his purported attempt to opt-out of the Arbitration Provision was untimely and invalid.

### B.     The Court must enforce the Delegation Clause

The threshold question before this Court is whether the Delegation Clause – which delegates authority only to an arbitrator, "and not [to] a court or judge," to decide disputes "arising out of or relating to … the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision" – is enforceable.  (Colman Decl. at Exh. D at § 15.3(i).)  Because this question can only be answered in the affirmative, the Court must dismiss Plaintiff's claims and allow the arbitrator to address gateway issues of arbitrability.  *See, e.g., Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010); *Sena*, 2016 U.S. Dist. LEXIS 47141 at *22  ("The Court must compel Sena to submit to arbitration because the parties entered into a valid and enforceable agreement to arbitrate questions of arbitrability.").

#### 1.     The Arbitration Provision should be examined standing alone

In arguing against delegation, Plaintiff relies almost exclusively upon one case: *Mohamed v. Uber Technologies, Inc.*, 109 F. Supp. 3d 1185 (N.D. Cal. 2015).  But this Court should neither follow *Mohamed*, nor adopt Plaintiff's erroneous interpretation of prevailing Supreme Court precedent. The *Mohamed* court began its analysis by observing (correctly) that delegation clauses assigning gateway issues of arbitrability are valid and enforceable so long as the parties

"clearly and unmistakably" so provide. *Id.* at 1199. The *Mohamed* court then (correctly) concluded that, read by itself, the delegation clause contained in the agreements at issue (together, the "Rasier Agreement"), which was virtually identical to the Delegation Clause in this case[1] was clear and unmistakable, noting that "the Supreme Court recognized that very similar language to that utilized in the delegation clauses here satisfies the 'clear and unmistakable' standard." *Id*. at 1198-99. The *Mohamed* court erred, however, when it found that this clear and unmistakable language was "facially inconsistent" with forum selection and choice of law clauses found elsewhere in the Rasier Agreement (which call generally for certain disputes to be decided by a judge, under California law), rendering ambiguous the parties' intent to arbitrate questions of arbitrability. *Id*. at 1202-04.

The root of the *Mohamed* court's error was its failure to treat the arbitration provision in the Rasier Agreement as a stand-alone agreement, as required by governing law and the text of the arbitration provision contained therein.[2] Under *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2005) and *Rent-A-Center,* 561 U.S. at 70-71, an arbitration provision, and its delegation clause, are severable agreements that *must be examined independently of the*

---

[1] The Delegation Clause at issue here expressly requires the Court, and not an arbitrator, to determine the validity only of the class action waiver (Colman Decl. at Exh. D. at § 15.3(v)).

[2] Even under California law, the decision in *Mohamed* was erroneous. *Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547, 553 (2004) (parties clearly and unmistakably agreed arbitrator would decide threshold issues, notwithstanding venue provision stating that "any action arising out of the agreement[] may be brought in any state or federal court in Los Angeles having jurisdiction over the dispute"); *Hill v. Anheuser-Busch InBev Worldwide, Inc.*, 2014 U.S. Dist. LEXIS 168947, at *10-13 (C.D. Cal. Nov. 26, 2014) (delegation to arbitrator clear and unmistakable where allegedly inconsistent language could be reconciled with clear and unmistakable language). Notably, in the *Ajamian* case relied upon by Judge Chen (and Plaintiff), the Court of Appeal found it critical that the purported delegation clause was *not* governed by *Rent-A-Center* because the clause did not state the arbitrator had "exclusive" authority to determine issues of enforceability. *Ajamian v. Cantor CO2e, L.P.*, 203 Cal. App. 4th 771, 784 (2012). In *Mohamed*, the delegation clause did provide the arbitrator with sole authority to determine issues of enforceability, just as in *Rent-A-Center*. Judge Chen ignored this distinction.

*container agreement*.  The reason is textual.  Section 2, the "primary substantive provision of the FAA," provides that a "written provision" "to settle by arbitration a controversy" is "'valid, irrevocable, and enforceable' *without mention* of the validity of the contract in which it is contained." *Rent-A-Center,* 561 U.S. at 70-71.

Stated differently, this Court's analysis of the Delegation Clause must begin and end with the "agreement to arbitrate."  No reference to the remainder of the December 2015 Agreement is permissible.  *Rent-A-Center,* 561 U.S. at 70-72, 75, n.4.  The Arbitration Provision's integration clause – which states that the "Arbitration Provision is the full and complete agreement relating to the formal resolution of disputes arising out of this Agreement" – confirms the Arbitration Provision is severable, and should be treated as such.[3] (Colman Decl. at Exh. D at § 15.3(ix).)

This Court should therefore do what *Buckeye Check Cashing* and *Rent-A-Center* require, and what the *Mohamed* court failed to do: decide – looking *only* to the fully-integrated Arbitration Provision found in § 15.3 – whether the delegation clause is "clear and unmistakable."  Under controlling Supreme Court precedent, this question can only be answered affirmatively.  *Rent-A-Center, West,* 561 U.S. at 68; *Sena*, 2016 U.S. Dist. LEXIS 47141 at *12 ("The Court is not convinced that it may look beyond the four corners of the Arbitration Provision to find ambiguity, as the court did in *Mohamed* … Given the plain language of the Delegation Clause, the Court finds that the parties clearly and unmistakably intended to arbitrate questions of arbitrability.")

### 2.   The Delegation Clause does not conflict with any provisions of the December 2015 Agreement

The purported inconsistencies Plaintiff relies upon to demonstrate ambiguity do not exist.

---

[3] Defendants do not dispute, as Plaintiff contends, that the Court may examine the enforceability of delegation clauses.  However, when doing so, Supreme Court precedent requires that the Court not consult other contractual provisions.

Although Uber disagrees with the *Mohamed* court's conclusion that the forum selection and choice of law clauses in the Rasier Agreement were inconsistent with the Rasier Agreement's delegation clause, the provisions in the December 2015 Agreement are *entirely consistent*. Specifically, the December 2015 Agreement expressly provides that both the forum selection and choice of law clauses ***do not apply*** to the Arbitration Provision:

> Any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Uber Services ***that are not subject to the arbitration clause*** contained in this Section 15.3 shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco, California … ***The foregoing choice of law and forum selection provisions do not apply to the arbitration clause in Section 15.3 or to any arbitrable disputes as defined therein. Instead, as described in Section 15.3, the Federal Arbitration Act shall apply to any such dispute***.

(Colman Decl. at Exh. D, § 15.1) (emphasis supplied.)

Accordingly, even if this Court departs from well-establish precedent and looks beyond the four corners of the Arbitration Provision, it nevertheless can reach only one conclusion: the parties clearly and unmistakably intended to delegate issues of arbitrability.

**C.   The Delegation Clause is not unconscionable**

**1.   New York law applies to the question of unconscionability**

Under New York law, contracting "parties' ***manifested intentions*** to have an agreement governed by the law of a particular jurisdiction are honored," so long as the state selected has sufficient contacts with the transaction. *Lawrence R. Buchalter Alaska Trust v. Philadelphia Fin. Life Assur. Co.*, 96 F Supp. 3d 182, 207 (S.D.N.Y. 2015) (emphasis supplied); *see also, Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir. 2000). However, where an arbitration provision is part of a larger agreement, courts must consider the arbitration provision as a stand-alone agreement, without reference to the underlying agreement. *See, e.g., Nitro-Lift Technologies, L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012)

(discussing principle of severability).[4]

The Arbitration Provision does not contain a state choice of law clause.  Thus, because the contract's execution and performance occurred in New York, Plaintiff resides in New York and has invoked the law of New York, conflict of law principles dictate that New York law applies.  *See, e.g., Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531, 1539 (2d Cir. 1997). Moreover, while the December 2015 Agreement does contain a choice of law provision, the Agreement expressly states that the clause does ***not*** apply to the Arbitration Provision. (Colman Decl. at Exh. D at § 15.1).  Accordingly, it cannot be said the parties manifested any intent to have the Arbitration Provision governed by California law: in fact, the opposite is true.

### 2.   The Delegation Clause is not unconscionable

Under New York law, in order for a contract to be invalidated on unconscionability grounds, it generally must be both procedurally and substantively unconscionable. Procedural unconscionability relates to contract formation, and specifically, the lack of meaningful choice, while substantive unconscionability concerns the content of the contract.  *Ragone v. Atlantic Video at Manhattan Center,* 595 F.3d 115, 121-22 (2d Cir. 2010).  Plaintiff bears the burden to show the Arbitration Provision is invalid, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991), and must overcome a liberal presumption in favor of arbitrability.  *See, e.g., Moses H. Cone Mem'l Hosp.*, 460 U.S. 1 at 24-25 (1983).  He cannot meet these substantial burdens.

### a.   The Delegation Clause is procedurally conscionable

The Arbitration Provision is voluntary, which precludes a finding of procedural unconscionability.[5]  *See, e.g., Valle v. ATM National, LLC*, No. 14-cv-7993 (KBF), 2015 U.S.

---

[4] Not only does Supreme Court precedent require this result, but the Arbitration Provision confirms that it is "the full and complete agreement relating to the formal resolution of disputes arising out of this Agreement."  (Colman Decl. at Exh. D at § 15.3(ix).)

[5] The dispositive, undisputed facts demonstrate that: (i) Plaintiff had an unconditional

Dist. LEXIS 11788 (S.D.N.Y. Jan. 30, 2015) ("Procedurally, the provision is not unconscionable as plaintiffs had 45 days to opt out of the Arbitration Agreement and 60 days to opt out of the Amended Agreement"); *Teah v. Macy's, Inc.*, No. 11-CV-1356 (CBA) (MDG), 2011 U.S. Dist. LEXIS 149274 at *17 (E.D.N.Y. Dec. 29, 2011) ("Here … Teah was given the option to opt-out of Step 4 while retaining his employment at Macy's").  Indeed, even arbitration agreements presented on a "take it or leave it" basis are not procedurally unconscionable under New York law.  *See, e.g., Ragone,* 595 F.3d at 122 ("take it or leave it" contract was insufficient to render it procedurally unconscionable); *Nayal v. HIP Network Servs. IPA, Inc.,* 620 F. Supp. 2d 566, 571 (S.D.N.Y. 2009) (same); *Bar-Ayal v. Time Warner Cable Inc.,* No. 03 Civ. 9905, 2006 U.S. Dist. LEXIS 75972 at *58-59 (S.D.N.Y. Oct. 16, 2006) (refusing to find arbitration provision unconscionable because plaintiff "has not provided any evidence that he could not obtain high-speed Internet service from another provider").

Plaintiff thus clings to the views of Judge Chen, who found the arbitration provision in the Rasier Agreement to be procedurally unconscionable *under California law*, notwithstanding the existence of an opt-out provision (which Judge Chen himself drafted), primarily because the opt-out provision did not inform drivers of every potential downside of arbitration.  *See Mohamed*, 109 F. Supp. 3d at 1206-12.  That opinion not only conflicts with the authorities cited above, but is also untenable under controlling California law.  *Kilgore v. Keybank*, 718 F.3d F.3d 1052, 1069 (9th Cir. 2013) (no unconscionability where Plaintiffs could have opted out of the arbitration agreement); *Alvarez v. T-Mobile USA, Inc.*, No. Civ. 2:10-2373, 2011 U.S. Dist. LEXIS 146757, at *19 (E.D. Cal. Dec. 21, 2011) (opt-out clause precluded a finding of

---

opportunity to opt-out of the December 2015 Arbitration Provision within thirty days; (ii) the opt-out mechanism was clear and obvious from a plain reading of the Provision; and (iii) a decision to opt-out would not have had any adverse effect on Plaintiff's contract with Uber.  (See Colman Decl. at ¶ 14; Exh. D at § 15.3(viii).)

procedural unconscionability under California law).

The California Supreme Court's decision in *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 935 (Cal. Aug. 6, 2015), issued after Judge Chen's decision in *Mohamed*,[6] confirms that Judge Chen misapplied the law. *Sanchez* affirmed that even contracts of adhesion, those that are imposed upon a party with a "weaker" bargaining position, present only "some degree" of procedural unconscionability that is insufficient to withhold enforcement. *Id.* at 915. It further held that a company is "under no obligation to highlight the arbitration clause of its contract, nor [is] it required to specifically call that clause to [Plaintiffs'] attention. Any state law imposing such an obligation would be preempted by the FAA." *Id.* at 914.

Thus, even if California law is applied, the Court should examine the Arbitration Provision under the standard described in *Sanchez*, *Alvarez*, and *Kilgore*, not the outlier standard applied by Judge Chen in *Mohamed*. Where an individual is given 30 days to opt out, with no adverse consequences whatsoever, it makes no sense (and is hostile to the notion of arbitration) to say that the individual lacked a meaningful choice about whether to assent to arbitration. And

---

[6]Judge Chen acknowledged that the *Sanchez* decision could very well alter his procedural unconscionability analysis. *See O'Connor v. Uber Techs., Inc.,* 311 F.R.D. 547, 555 (N.D. Cal. December 9, 2015) ("Since the Court's ruling in *Mohamed*, the California Supreme Court's ruling in *Sanchez* [] cast doubt on the viability of the aspects of *Gentry* on which this Court relied . . . because *Gentry*'s required disclosure of the disadvantages of arbitration was not necessarily consistent with *Sanchez*'s ruling"). Judge Chen nevertheless struck down the arbitration provision on California public policy grounds in *O'Connor* because of the representative action waiver. However, this public policy rationale cannot conceivably be extended to non-residents. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1006 (N.D. Cal. 2014) (California "Labor Code violations upon which Plaintiffs rely *do not apply extraterritorially* and, therefore, cannot apply to those Plaintiffs or unnamed class members who worked in states other than California.") (emphasis supplied); *see also Kairy v. Supershuttle International, Inc.*, 2012 U.S. Dist. LEXIS 134945, *25 (N.D. Cal. 2012) (arbitration provision's limitation on remedies irrelevant to enforceability of arbitration provision when not sought by plaintiff bringing lawsuit); *West v. Henderson*, 227 Cal. App. 3d 1578, 1589 (1991) (portion of arbitration provision not being enforced against a party in a particular dispute is irrelevant to claim of unconscionability).

under California law, if no procedural unconscionability exists, the Arbitration Provision must be enforced. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 89 (2000) ("No matter how heavily one side of the scale tips, both procedural and substantive unconscionability are required for a court to hold an arbitration agreement unenforceable.").

### b. The Delegation Clause is substantively conscionable

Plaintiff contends the Delegation Clause is substantively unconscionable solely because Plaintiff "would be subject to hefty fees of a type he would not face in court because the arbitration fee provisions requires costs to be shared unless otherwise required by law" (Opp. p. 12), including the "filing fee, the retainer, and his *pro rata* portion of the fees." (Opp. p. 13.)

Where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). But Plaintiff submits no evidence to substantiate the *likelihood* that he will incur any costs in arbitration, or any evidence that those costs will be prohibitively expensive. Plaintiff's failure to submit ***any*** evidence in this regard dooms his challenge. *See Randolph*, 531 U.S. at 91-92; *Torres v. United Healthcare Servs*., 920 F. Supp. 2d 368, 377 (E.D.N.Y. 2013).

More significantly, Plaintiff again erroneously relies upon a *prior* version of the Arbitration Provision. The December 2015 Arbitration Provision expressly provides that Plaintiff will "***not be required to bear any type of fee or expense that [he] would not be required to bear if [he] had filed the action in a court of law***" and that "[a]ny disputes in that regard will be resolved by the Arbitrator as soon as practicable … and Uber shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute." (Colman Decl. at Exh. D at § 15.3(vi).) (emphasis supplied). Plaintiff thus cannot evade arbitration by arguing he would bear costs in arbitration he would not otherwise incur in court.

9

### D.    Plaintiff's ancillary attacks also fail

Should the Court reach Plaintiff's ancillary unconscionability and California public

policy arguments – directed at the Arbitration Provision as a whole – they too should be rejected.

- <u>Confidentiality</u>:  Plaintiff – again relying upon a *prior* version of the Arbitration Provision – asserts that the Provision "require[s] confidentiality."  (Opp. p. 6.)  Even if such a provision were unconscionable (and it is not), there is no confidentiality provision in the operative Arbitration Provision.  (Colman Decl. at Exh. D at § 15.3(vii).)

- <u>IP Carve-Out</u>:  The mutual intellectual property carve-out cannot render the Arbitration Provision unconscionable, as parties are entirely free to arbitrate some types of disputes but not others.  *See Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ*., 489 U.S. 468, 479 (1989) (parties are free to agree to arbitrate some types of disputes but not others).  Further, the carve-out can be severed from the Provision if necessary.[7]

- <u>Unilateral Modification</u>:  First, this clause falls *outside* the Arbitration Provision and thus may not be considered when evaluating the Provision's alleged unconscionability.  *See Nitro-Lift*, 133 S.Ct. at 503 ("[A]ttacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved by the arbitrator in the first instance").  In addition, Plaintiff again erroneously relies upon the April 2015 Agreement, rather than the December 2015 Agreement.  The December 2015 Agreement provides that any modified "terms and conditions … shall be binding on [Plaintiff] *only upon [Plaintiff's] acceptance*" of the modifications.  (Colman Decl. at Exh. D at § 14.1) (emphasis supplied.)

- <u>PAGA Waiver</u>:  PAGA is irrelevant to these proceedings.  Regardless, the Arbitration Provision in the December 2015 Agreement does not contain a "non-severable" PAGA waiver.  In fact, it is expressly severable.  The Provision states that if the "***PAGA Waiver is found to be unenforceable or unlawful* … *the unenforceable provision shall be severed from this Agreemen***t."   (Colman Decl. at Exh. D at § 15.3(v)) (emphasis supplied.)[8]

## III.    CONCLUSION

For all of the foregoing reasons, this Court should compel Plaintiff to individually

arbitrate his claims against Defendants, dismiss his claims, and strike his class allegations.

---

[7] Even if California law applies, a recent California Supreme Court decision, *Baltazar v. Forever 21, Inc.* (March 28, 2016, S208345) 62 Cal.4th 1237, 2016 WL 1176599 at *5, held that the mere fact that a company is more likely to take advantage of a particular arbitration carve-out does not render that provision unconscionable.

[8] Courts routinely sever PAGA waivers that are found to be unenforceable.  *See Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015); *Hopkins v. BCI Coca-Cola Bottling Co., of Los Angeles*, — F. App'x —, 2016 U.S. App. LEXIS 2974 (9th Cir. Feb. 19, 2016); *Sierra v. Oakley Sales Corp.*, — F. App'x —, 2016 WL 683442 (9th Cir. Feb. 18, 2016).

Respectfully submitted,

Dated: May 2, 2016
New York, New York

/s/ Andrew Spurchise
David M. Wirtz
Andrew M. Spurchise
Kevin R. Vozzo

LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
(212) 583-9600

Attorneys for Defendants
Uber Technologies, Inc. and Rasier, LLC